14-4557-cv
*Wenzel v. Marriott International, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            ROSEMARY S. POOLER,
            DENNY CHIN,
                        *Circuit Judges.*

_____

PATTI WENZEL, MICHAEL WENZEL,

                *Plaintiffs-Appellants*,

                v.                                          No. 14-4557-cv

MARRIOTT INTERNATIONAL, INC., MARRIOTT
RESORTS TRAVEL COMPANY, INC., MARRIOTT
OWNERSHIP RESORTS, INC., MARRIOTT
VACATIONS WORLDWIDE CORPORATION,
MARRIOTT HOTEL SERVICES, INC.,

                *Defendants-Appellees*.

_____

For Plaintiffs-Appellants:        Danielle Doman, Sacks & Sacks, LLP, New York, NY.

For Defendants-Appellees:      Daniel M. Stewart, White Fleischner & Fino, LLP, New York,
                                              NY.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Patti and Michael Wenzel appeal from a November 17, 2014 order entered by the United States District Court for the Southern District of New York (Torres, *J.*) granting the defendants-appellees' motion to dismiss the case on *forum non conveniens* grounds and denying the plaintiffs-appellants' motion for leave to amend the complaint. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"The decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused.*" *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (emphasis in the original) (internal quotation marks omitted). Clear abuse occurs only when the district court's "decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). Under this deferential standard, we conclude that the district court did not abuse its discretion when it dismissed this case on *forum non conveniens* grounds.

In reaching its conclusion, the district court considered the three relevant factors necessary to making such a decision: (1) the degree of deference accorded to the plaintiff's choice of forum; (2) the adequacy of the alternative forum proposed by the defendants; and (3)

2

the balance of the private and public interests in the forum choice. *See id*. As for the first factor, the district court explained that "[g]enerally, a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum. However, many courts have held that where none of the operative facts of the action occurred in the plaintiff's chosen forum, the choice is afforded less weight." *Wenzel v. Marriott Int'l, Inc.*, No. 13-cv-8335, 2014 WL 6603414, at *3 (S.D.N.Y. Nov. 17, 2014) (internal quotation marks and citations omitted). Here, as the district court correctly reasoned, although the Wenzels live in New York and Patti Wenzel was treated for her injuries there such that their choice of New York as the forum deserves some level of deference, the deference owed to their choice is nevertheless limited by the fact that the "lawsuit lack[ed] a substantial connection to New York, as the alleged negligence and injury occurred in Aruba." *Id.* Moreover, as the district court properly emphasized, "the operative facts of this action took place outside of the Southern District of New York." *Id.*

On the second factor, the district court concluded that Aruba provided an adequate alternative forum for the plaintiffs' suit. We agree. The Wenzels argue that Aruba is an inadequate forum because tort cases there are decided by judges, pretrial discovery is more limited, and the potential recovery is less than if the case proceeded in the United States. Yet, in reality none of these factors demonstrate that Aruba constitutes an inadequate forum. As we have explained on prior occasions, "some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate," *Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 829 (2d Cir. 1990) (citation omitted), nor does "the fact that a plaintiff might recover less in an alternate forum . . . render that forum inadequate," *Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 391 (2d Cir. 2011). Rather, as the district court correctly explained, "[t]he

3

adequacy of an alternative forum does not require the causes of action, procedures, or remedies that are available to be identical to those in the United States." *Wenzel*, 2014 WL 6603414, at *5 Instead, the "forum [must be one] in which defendants are amenable to service of process and which permits litigation of the dispute . . . ." *Id*. (quoting *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009)). As the district court reasonably concluded that service of process on these defendants would be possible were the Wenzels to bring their suit in Aruba and litigation of this sort is permitted in that jurisdiction, we agree that Aruba represents an adequate alternative forum.

As for the third factor, the district court concluded that both the private interests and public interests point to Aruba as the proper forum. We find no error in this conclusion. First, the fact that "[t]he premises, equipment, employees, and other sources of proof relevant to establishing liability are, with the exception of Plaintiffs themselves, located entirely in Aruba" demonstrates that the private benefits support trying the case in Aruba. *Id.* at *6. Second, the public interests such as the busy Southern District of New York docket, the difficulty of applying foreign law, and the importance of the hotel and tourism industry to Aruba support Aruba as the forum. Ultimately, because we do not find fault in the district court's analysis of each of these relevant factors, nor with its relative weighting of these factors, we affirm the district court's dismissal of the case on the grounds of *forum non conveniens*.

Finally, we affirm the district court's denial of plaintiffs' motion for leave to amend their complaint in order to add the relevant Aruban business entities as defendants. "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Here, the

4

district court correctly concluded that the proposed amendment to the plaintiffs' complaint would have no effect on the analysis of the dismissal on *forum non conveniens* grounds and accordingly, the district court correctly concluded that the requested amendment was futile and unnecessary.

We have considered the plaintiffs-appellants' remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK